IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MICHAEL NASATKA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY BERRYHILL, Acting | : | |
| Commissioner of Social Security | : | NO. 16-5519 |

## ORDER

**AND NOW**, this 25th day of September, 2018, upon consideration of Plaintiff Kevin Michael Nasatka's Brief and Statement of Issues in Support of Request for Review (Docket No. 7), Defendant's Response thereto, the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Docket No. 14), and Plaintiff's Objections thereto (Docket No. 15), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.[1]

---

[1] The Administrative Law Judge ("ALJ") in this case denied Plaintiff's request for disability insurance benefits under Title II of the Social Security Act. The ALJ found that Plaintiff suffered from five severe impairments, but that the impairments did not meet or medically equal any listed impairment. He further concluded, at step four of the Social Security Administration's five step sequential evaluation process, that Plaintiff had the residual functional capacity ("RFC") to perform past relevant work. In the alternative, he concluded, at step five, that even if Plaintiff did not have the RFC to perform past relevant work, he had the RFC to perform other available work. In the Request for Review, Plaintiff argues that the ALJ's decisions with respect to both step four and step five are not supported by substantial evidence. Magistrate Judge Hey recommends in her Report and Recommendation ("R&R") that the ALJ likely erred in his step four analysis, but that this error was not determinative because substantial evidence supports the ALJ's conclusion at step five that Plaintiff could perform other jobs that exist in the national economy. Plaintiff now objects to the Magistrate's Judge's recommendations regarding the ALJ's step five analysis.

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)) (additional citation omitted); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)) (additional citation omitted)). While the ALJ's

legal conclusions are subject to plenary review, Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citation omitted), we review *de novo* those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

As noted above, the ALJ found with respect to step five that there are jobs – other than ones that Plaintiff previously held – that exist in the national economy that Plaintiff could perform. Specifically, the ALJ concluded that Plaintiff could perform the requirements of an inspector/sorter or a small product assembler, both of which are unskilled jobs, as well as the requirements of a gate guard, which is a semi-skilled job.

Plaintiff contends that substantial evidence does not support the conclusion that he could perform the inspector/sorter and small product assembler jobs, because he and his wife testified that he has restless leg symptoms that requires him to move around for five to ten minutes every fifteen to thirty minutes (R61-62, 67), and the vocational expert testified that "it would be a problem" for both of the jobs if Plaintiff had to move around for ten to fifteen minute periods (R73). However, the Magistrate Judge correctly recommends that the ALJ did not adopt the testimony of Plaintiff and his wife that Plaintiff needs to get up and move around every fifteen minutes and, indeed, there is no medical evidence in the record to support such a limitation. Rather, the ALJ concluded, based on the medical evidence in the record, that Plaintiff could perform light work that included standing and sitting for up to six hours in an eight hour workday, and added only the additional limitation that the work provide for a sit/stand option. (See R33.) Moreover, the vocational expert testified that, with a standard sit/stand option, Plaintiff could perform the inspector/sorter and small product assembler jobs. (R71-72.) We therefore agree with the Magistrate Judge that, in spite of the above testimony from Plaintiff and his wife, there is substantial evidence in the record to support the ALJ's conclusion at step five that Plaintiff could perform the two unskilled jobs, and we overrule Plaintiff's objection to that aspect of the Magistrate Judge's R&R.

Plaintiff also contends that substantial evidence does not support the conclusion that he could perform the gate guard job because the ALJ did not find Plaintiff to have transferable skills, which are a prerequisite to any semi-skilled job. Indeed, the ALJ never explicitly found Plaintiff to have transferable skills, stating that "[t]ransferability of job skills is not material to the determination of [Plaintiff's] disability . . . . (R42.) Moreover, in assessing whether Plaintiff was disabled in step five, the ALJ cited Medical-Vocational Rule 202.14, which applies where the Plaintiff is a high school graduate with non-transferable skills. (R43.) On review, the Magistrate Judge recommends that it was error for the ALJ to rely on Medical-Vocational Rule 202.14 in concluding that Plaintiff could perform the gate guard job, because that job is semi-skilled and requires transferable skills. She nevertheless reasons that, as long as Plaintiff did, in fact, have transferable skills, it was not error for the ALJ to conclude that Plaintiff could perform the gate guard job. (See R&R at 23-25.) Ultimately, the Magistrate Judge recommends that there is ample and clear record evidence that Plaintiff had transferable skills and also recommends that it would be a waste of judicial resources to remand the matter to permit the ALJ to make an explicit finding to that effect when the record so clearly supports a finding that Plaintiff had transferable skills. (Id. at 23-24.) While Plaintiff argues that the Magistrate Judge improperly usurped the ALJ's fact-finding function in this regard, we conclude that the Magistrate Judge appropriately considered whether substantial evidence supported the ALJ's conclusion that Plaintiff could perform the gate guard job, in spite of the ALJ having made no explicit finding regarding transferability. Moreover, the law is clear that remand is not required where an ALJ's apparent error (here, not explicitly addressing transferability and applying an incorrect Medical-Vocational

2

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

BY THE COURT:

John R. Padova, J.

---

Rule) would not affect the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Upon our own *de novo* review, we conclude that the Magistrate Judge correctly recommended that the administrative record unambiguously supports a conclusion that Plaintiff had transferable skills and that no remand was necessary to establish that fact. (See R&R at 24.) We further agree with the Magistrate Judge that, with transferability established, there is substantial evidence to support the conclusion that Plaintiff could perform the gate guard job. Consequently, we overrule Plaintiff's objections to that aspect of the R&R.

For the foregoing reasons, upon our own *de novo* review, we conclude, consistent with the Magistrate Judge's recommendation, that substantial evidence supports the ALJ's conclusions at step five, and we overrule Plaintiff's objections to the Magistrate Judge's recommendations regarding the ALJ's step five analysis. We therefore approve and adopt the Magistrate Judge's R&R.